```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

JAMES ENGLE and CORRINA ENGLE,

    Plaintiffs,
v.                              Case No. 8:09-cv-2102-T-33TBM

TACO BELL OF AMERICA, INC.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to the Engles' Motion to Strike Taco Bell's Experts (Doc. # 28), which was filed on February 24, 2011. Taco Bell filed a Response in Opposition to the Motion on March 8, 2011. (Doc. # 31). For the reasons that follow, the Court denies the motion without prejudice and re-opens discovery so that the Engles may depose the experts at issue, should they so choose.

**I.   Background**

This personal injury action is set for a jury trial during the Court's trial term commencing April 4, 2011. The pretrial statement reflects that the Engles have designated twelve expert witnesses, and Taco Bell has designated two expert witnesses. (Doc. # 30 at Ex. E, F). The Engles seek an order striking both of Taco Bell's designated expert witnesses arguing that Taco Bell failed to timely and completely

1

disclose its experts and that one of Taco Bell's experts, Dr. Slomka, is operating under a conflict of interest. The deadline for expert disclosure passed on November 30, 2010. (Doc. # 23).

### A. Dr. Foley

The Engles seek an order striking Dr. Foley (a forensic radiologist) as an expert because Taco Bell did not provide the Engles with the expert report of Dr. Foley until February 16, 2011 (although the report is dated October 11, 2010). Taco Bell's disclosure of Dr. Foley is in violation of Federal Rule of Civil Procedure 26(a)(2)(C), in that it was not disclosed 90 days before trial. Taco Bell admits that it did not provide the expert report in a timely manner, but contends that its actions were inadvertent and harmless. In addition, Taco Bell indicates that it orally notified the Engles that Dr. Foley would be offering expert testimony prior to the close of discovery.

### B. Dr. Slomka

Taco Bell provided the Engles with the timely expert report of Dr. Slomka (an orthopedic specialist) on August 4, 2010. However, Dr. Slomka's report, as disclosed to the Engles, suffered from some defects. Specifically, Dr. Slomka's report failed to comply with Rule 26(a)(2)(B) because

2

it did not list Dr. Slomka's publications authored in the last ten years and it did not provide a list of other cases in which Dr. Slomka has offered testimony in the last four years.[1]

In addition, according to the Engles, Dr. Slomka is operating under a conflict of interest because he was Mr. Engle's treating physician when Mr. Engle was involved in a 2002, motorcycle accident. Taco Bell has not responded to the allegations regarding Dr. Slomka's alleged conflict of interest as an expert witness due to the confidential doctor-patient relationship shared between Mr. Engle and Dr. Slomka that arose prior to the events leading to this suit.

**II. Discussion**

"If a party fails to provide information . . . as required by [Rule 26(a)(2)(B)], the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The district court has broad discretion in deciding whether a failure to disclose

---

[1] The Engles also contend that Taco Bell failed to disclose the amount that Dr. Slomka will be paid as an expert. However, because the expert report included the fee schedule for Dr. Slomka, the Court determines that Taco Bell provided sufficient information as to Dr. Slomka's expert witness compensation.

evidence is substantially justified or harmless under Rule 37(c)(1)." <u>Bane v. Breathe Easy Pulmonary Servs. Inc.</u>, Case No. 8:06-cv-40-T-33MAP, 2009 U.S. Dist. LEXIS 4567, at *8 (M.D. Fla. Jan. 14, 2009). In determining whether a failure to disclose an expert witness was substantially justified or harmless, the Court is guided by the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose evidence." <u>Singletary v. Stops, Inc.</u>, Case No. 6:09-cv-1763-Orl-19KRS, 2010 U.S. Dist. LEXIS 92660, at *24 (M.D. Fla. Sept. 7, 2010)(internal citation omitted).

This Court would be acting well within the bounds of its discretion if it were to enter an order striking both of Taco Bell's expert witnesses. Taco Bell failed to timely disclose Dr. Foley, and the Engles were precluded from deposing Dr. Foley prior to the expiration of the September 30, 2010, discovery deadline because, under Rule 26(b)(4)(A), expert witnesses cannot be deposed until their expert reports are provided. As explained by the Engles, "the Defendant cannot circumvent this rule by suggesting that Plaintiff could have

4

deposed the doctors before disclosure of their experts." (Doc. # 28 at 4).

In addition, Dr. Slomka's expert disclosure was furnished to the Engles in an incomplete matter and it is not contested that Dr. Slomka is operating under a conflict of interest.

However, in the interest of fairness, the Court will not strike Taco Bell's expert witnesses at this time.  So that both parties may proceed to trial with experts at the ready, and so that the Engles may avoid any unfair surprise testimony, the Court reopens discovery for the limited purpose of allowing the Engles to depose both experts prior to trial. The reopening of discovery cures any prejudice that the Engles may have sustained due to untimely disclosures.  In addition, it appears that Taco Bell has cured any deficiencies in the substance of the expert reports in question.[2]  If this is not the case, however, Taco Bell is directed to immediately provide complete expert disclosures and reports to the Engles forthwith.

---

[2] The issue regarding Dr. Slomka's alleged conflict of interest remains to be addressed.  If Taco Bell is still interested in using Dr. Slomka as an expert, it should file a supplemental response to the motion to strike by March 18, 2011, indicating why Dr. Slomka should be permitted to offer expert testimony despite his prior doctor-patient relationship with Mr. Engle.

5

This case will remain on the April 2011, trial calendar. However, if the Engles choose not to depose the physicians, the Engles should immediately notify counsel for Taco Bell and the Court. On the other hand, if the Engles choose to depose the physicians, the Engles and Taco Bell should work together to schedule the depositions during a mutually convenient time.[3] Thereafter, the Engles should notify the Court concerning the dates of the depositions so that this Court can plan its trial schedule accordingly.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Engles' Motion to Strike Taco Bell's Experts (Doc. # 28) is **DENIED WITHOUT PREJUDICE** as outlined above.

(2) If Taco Bell is still interested in using Dr. Slomka as an expert, it should file a supplemental response to the motion to strike by March 18, 2011, indicating why Dr. Slomka should be permitted to offer expert testimony despite his prior doctor-patient relationship with Mr. Engle.

---

[3] If the Engles choose to depose the physicians, the Court would look favorably upon any motion to continue trial to the May or June 2011, trial term.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of March 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record